By the Court,

Bronson, J.
When the defendant obtains a bankrupt or insolvent’s discharge after suit brought, the plaintiff is allowed to discontinue without costs, (a) But I see no principle on which the plaintiff can be excused from paying costs where the discharge was obtained before the action was commenced. It is true that, in the case of "joint debtors, the suit must be brought against all, although one may have some matter going to his personal discharge; and then if such matter be pleaded, the plaintiff may enter a nolle prosequi as to that de *170 fendant, and proceed against the others. (Bovill v. Wood,. 2 Maule & Selw. 23; Moravia v. Hunter, id. 444; Hawkins v. Ramsbottom, 6 Taunt. 179; Noke v. Chiswell, 1 Wils. 89; Hartness v. Thompson, 5 John. R. 160.) But although the plaintiff was obliged to join all, he might have omitted to serve the process or declaration on the bankrupt, and then there would have been no question of costs. As Seymour has been brought into court, and put to the expense of pleading his discharge, he is entitled to costs, including those of opposing the motion. The motion is granted on those terms.
Rule accordingly.

 See Lee v. Phillips, (6 Hill, 346;) Sandford v. Sinclair, (id. 248.)